# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

TOMMY DALE HAMPTON,
WALDO MCWANE, and
JERRY EAVES                                                                               PLAINTIFFS

V.                                          3:17CV00018 JM

CITY OF EARLE, ARKANSAS, et al.                                                       DEFENDANTS

## ORDER

Pending is the Defendants' motion for summary judgment. (Docket # 48). Plaintiffs have filed a response and Defendants have filed a reply. For the reasons set forth herein, the motion is DENIED.

### Facts

Plaintiff Waldo McWane has filed a motion to enforce the settlement agreement entered in this case. As part of the settlement, the City of Earle, Arkansas agreed to give each of the Plaintiffs a one year contract of employment as a police officer with the City of Earle Police Department. The terms of the settlement required the Plaintiffs to dismiss their pending claims and lawsuit against the City in exchange for a payment of $90,000 and a reinstatement package, which included Plaintiffs being subject to termination only for "good cause," instead of being at-will employees. The City of Earle voted to approve the Settlement Agreement at a council meeting held on March 21, 2017. The interim Mayor, Robert Malone, then signed the Contracts of Employment of Hampton, Eaves and McWane.

The contract of employment of Waldo McWane provides that he will be employed for a period of one year beginning on the date of the entry of the dismissal of this lawsuit and during that time he would not be demoted, terminated, or have his rate of pay reduced except for good

cause. Once the employment contracts were authorized by the interim mayor, Defendants' counsel notified counsel for McWane that the Plaintiffs should be ready to return to work the day after the order of dismissal was entered.

On May 8, 2017 the order of dismissal was entered and Defendants' counsel sent another e-mail to counsel for McWane stating that the Plaintiffs needed to contact the Mayor about returning to work. Plaintiff Eaves reported to work on May 8, 2017 and was scheduled to work beginning May 12, 2017. In the late afternoon of Wednesday, May 10, 2017, Defendants' counsel was advised that neither Hampton nor McWane had made inquiry about further employment. Defendants' counsel then sent an email to Plaintiffs' counsel informing him that the City would be advised to terminate Hampton and McWane's employment based on their no-call and no-show. Plaintiffs' counsel then notified Defendants' counsel that Hampton would not be seeking reemployment with the City. On Friday, May 12, 2017, at around 2:00 p.m., Plaintiff McWane drove to the Earle City Hall to purportedly fill out the paperwork to get his job back. As part of that process he handed a City employee his driver's license to be copied; whereupon it was discovered that his license was expired. At that time, the Mayor declined to re-employ him because he was late in returning to work, he could not be immediately re-employed because he could not drive a patrol car, and it was a violation of law for him to drive to City Hall with an expired license.

The City unilaterally terminated the employment agreement with McWane on May 12, 2017. Thereafter, the City refused to reinstate McWane on June 1, 2017 after he had cured his driver's license. Plaintiff McWane then filed a motion to enforce settlement agreement. Finding that there were questions of fact, the Court set the case for a bench trial. Defendants seek

summary judgment arguing that McWane materially breached the employment contract thereby excusing the City from performance.

Summary Judgment Standard

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987), Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th

Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion

Defendants argue that McWane materially breached the employment agreement by failing to call or show up for work for three consecutive days. Further, when McWane did appear to obtain re-employment he presented an expired driver's license, therefore, he could not be re-employed as a police officer because he could not drive a patrol car. Because of these "material" breaches, Defendants argue that they were no longer under a contractual duty to employ McWane. "Not every breach of contract discharges the non-breaching party from its obligations; only a material breach does so. 'A material breach is a failure to perform an essential term or condition that substantially defeats the purpose of the contract for the other party.'" *Access Mediquip, LLC v. St. Vincent Infirmary Med. Ctr.*, No. 4:11 CV00695 JLH, 2014 WL 12748751, at *3 (E.D. Ark. Aug. 18, 2014) citations omitted. "A relatively minor failure of performance on the part of one party does not justify the other in seeking to escape any responsibility under the terms of the contract." *Vereen v. Hargrove*, 80 Ark. App. 385, 391, 96 S.W.3d 762, 765 (2003) (citing *TXO Prod. Corp. v. Page Farms, Inc.*, 287 Ark. 304, 698 S.W.2d 791 (1985).

The Court finds that there is a genuine issue of material fact as to whether McWane breached the employment agreement by failing to report before May 12, 2017, reporting with an expired driver's license, and violating the law by driving to the station with an expired license. If these acts were in breach of the employment agreement, genuine issues of material fact exist

4

as to whether the breach was material.

Accordingly, Defendants' Motion for summary judgment is denied.

IT IS SO ORDERED this 24th day of April, 2018.

_____
James M. Moody Jr.
United States District Judge